IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DR. LARA DUEPPEN,

                  Plaintiff,

        v.

GUARDANT HEALTH, INC.,

                  Defendant.

No. 23-mc-216-GBW

---

## MEMORANDUM ORDER

Guardant Health Inc. ("Guardant") sought to subpoena Dr. Lara Dueppen ("Dr. Dueppen") in the underlying case *TwinStrand Biosciences, Inc. & University of Washington v. Guardant Health Inc.*, Case No. 1:21-cv-01126-GBW-SRF (D. Del.). Dr. Dueppen moved to quash the subpoena pursuant to Rule 45(d)(3) of the Federal Rules of Civil Procedure. D.I. 1 ("Motion") at 2.[1] For the reasons stated below, the Court denies Dr. Dueppen's motion.

### I.    BACKGROUND

Plaintiffs in the underlying action filed a complaint on August 3, 2021, alleging that Guardant infringes four of Plaintiffs' patents, including U.S. Patent Nos. 10,689,699 ("the '699 Patent") and 10,752,951 ("the '951 Patent"), which are at issue in this Motion. D.I. 1. Dr. Dueppen prosecuted the original applications that issued as the '699 and '951 Patents. Declaration of Dr. Lara Dueppen in Support of Motion to Quash ("Dueppen Decl."), ¶ 2. Guardant filed an answer containing counterclaims for unpatentability on the grounds of inequitable conduct, improper inventorship, and unclean hands. D.I. 30. In its answer, Guardant alleged that Dr. Dueppen copied patent claims from Guardant and failed to disclose the proper inventors to the patent office. *Id.*

---

[1] Except for this one, all D.I. numbers are to the underlying case.

Plaintiffs in the underlying case moved to dismiss these counterclaims. D.I. 39. The Court dismissed the inequitable conduct counterclaims without prejudice on the grounds that Guardant had not adequately alleged that any non-disclosure was material to patentability. D.I. 226 at 12. The Court denied the motion as to inventorship and unclean hands. *Id.*

Prior to the Court's dismissal of the inequitable conduct claims, Guardant issued a subpoena to Dr. Dueppen, an attorney with Perkins Coie LLP. Declaration of Ronald McIntire ("McIntire Decl."), Ex. 1. The originally noted deposition date was January 23, 2023, but counsel for Dr. Dueppen and Guardant agreed to postpone the deposition. McIntire Decl. ¶ 3. After the Court dismissed the inequitable conduct counterclaims, Dr. Dueppen moved under Federal Rule of Civil Procedure 45(d)(3) to quash the subpoena on grounds of relevance, undue burden, and attorney-client privilege. *Id.* at ¶¶ 3-4, Ex. 2.

## II.      THERE IS NO UNDUE BURDEN, SINCE DR. DUEPPEN'S TESTIMONY WOULD BE RELEVANT TO GUARDANT'S UNCLEAN HANDS DEFENSE

Federal Rule of Civil Procedure 26 requires discovery to be relevant to a party's claim or defense. Fed. R. Civ. P. 26. Dr. Dueppen argues that the sought subpoena would not be relevant to any claim or defense because the inequitable conduct claims have been dismissed. Motion at 17. However, Dr. Dueppen's testimony would still be relevant to unclean hands defense. Guardant's unclean hands defense was not dismissed. D.I. 226 at 4 n. 2. And unclean hands, contrary to Dr. Dueppen's assertion, may include unfair "conduct before the PTO." *Consol Aluminum Corp. v. Foseco Int'l Ltd.*, 910 F.2d 804, 812 (Fed. Cir. 1990). Thus, Guardant has a pending unclean hands defense for which Dr. Dueppen's testimony would be relevant.

Further, Guardant has indicated that Dr. Dueppen's testimony will provide information unobtainable through the written record or the testimony of others. Motion at 28. As such, Dr. Dueppen's identified cases are distinguishable. In each of the cited cases, the party seeking a

subpoena did not identify for which claims or defenses the discovery would be relevant. *See, e.g.* *Sterne Kessler Goldstein & Fox, PLLC v. Eastman Kodak Co.*, 276 F.R.D. 376. 384 (D.D.C. 2011) (granting a motion to quash when the party seeking the deposition did not explain "the defenses (other than the proposed inequitable conduct defense) for which it seeks information."); *Truck Accessories Group, LLC v. Kenneth Ohriner*, 1:20-mc-00359-MN at ECF 12 (D. Del. Nov. 13, 2020) (same).

Moreover, since Guardant has a valid defense for which this discovery is relevant, there is no reason to suspect that this third-party deposition would be a mere fishing expedition. Also, Dr. Dueppen has not indicated any other reason that there would be undue burden. Motion at 17-22. Thus, Dr. Dueppen's argument that undue burden outweighs relevance of the evidence fails.

## III.    GUARDANT SEEKS RELEVANT AND NON-PRIVILEGED INFORMATION

Dr. Dueppen also argues that her testimony would be privileged either under work-product or the attorney-client privilege. Motion at 22. But there is a "general consensus among courts that the work product doctrine does not apply to patent prosecution work because patent prosecution is not an adversarial, litigation-type proceeding, but a wholly *ex parte* proceeding before the PTO." *Cave Consulting Grp., Inc. v. OptumInsight, Inc.*, No. 15-CV-034240JCS, 2016 WL 7475820, at *10 (N.D. Cal. Dec. 29, 2016). This Court will not break with this consensus—Dr. Dueppen's work was not prepared in anticipation of litigation, so the work product doctrine is inapposite.

With regards to attorney-client privilege, Dr. Dueppen has not alleged that all the information she has is privileged, nor that all the information that Guardant has identified is protected by the attorney-client privilege. Motion at 22-24. "[T]he Court cannot rule in a vacuum, prior to the deposition, that every question to be asked will seek to elicit privileged information." *In re Arthur Treacher's Franchisee Litigation*, 92 F.R.D. 429, 438 (E.D. Pa. 1981).

An attorney "asserting [her] lack of non-privileged or non-protected information is not dispositive of the issue of whether [s]he should be subject to a deposition," since in general "'an attorney cannot avoid a deposition by asserting that he or she has no relevant, nonprivileged information,'" and "'must submit to a deposition so that h[er] lack of knowledge may be tested and any claimed privilege placed on the record.'" *Alcon Lab'ys, Inc. v. Pharmacia Corp.*, 225 F. Supp. 2d 340, 344 (S.D.N.Y. 2002) (quoting *Niagara Mohawk Power Corp. v. Stone & Webster Eng'g Corp.*, 125 F.R.D. 578, 594 (N.D.N.Y. 1989)). Dr. Dueppen's generalized allegations of attorney-client privilege are insufficient to prevent the deposition.

## IV.     THERE ARE NO OTHER MEANS TO OBTAIN THE INFORMATION

The information Guardant seeks from Dr. Dueppen primarily relates to its allegations of claim copying and unclean hands. Motion at 28. Dr. Dueppen argues this information is available from another source: the prosecution history. Motion at 24. However, the prosecution history does not provide the relevant information that Guardant seeks, namely "who directed Dr. Dueppen to file the copied claims, how she obtained the claims, what her understanding was of the reasons for copying, whether she modified the copied claims, and what she understood her obligations to be regarding disclosure of the claim copying activity." Motion at 28. Because this information is relevant, not inherently privileged, and not available from another source, the Court denies Dr. Dueppen's motion to quash.

## V.     CONCLUSION

Therefore, at Wilmington this 11th day of October 2023, **IT IS HEREBY ORDERED** that Plaintiff Dr. Lara Dueppen's Motion to Quash Subpoena to Testify (D.I. 1) is **DENIED.**

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

4